UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUE RELIGION APPAREL, INC.; GURU DENIM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XIAOKANG LEI D/B/A TRUERELIGIONJEANS4OUTLET.COM; LIN JIANYU D/B/A TRUERELIGIONJEANSOUTLET8.COM; ZHAO YANG QU D/B/A TRUERELIGION2CHEAP.COM, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br><br> [FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |

**DECLARATION OF BRYN K. HAFFEY, ESQ. IN SUPPORT OF THE PLAINTIFFS'
*EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER,
ORDER TO DISABLE CERTAIN WEB SITES, ASSET RESTRAINING
ORDER, EXPEDITED DISCOVERY ORDER AND ORDER
TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

I, BRYN K. HAFFEY, Esq. under penalty of perjury, declares and says:

1.  I am an attorney licensed to practice law in the State of New York and before the bars of the Southern and Eastern Districts of New York. I am an associate in the law firm of Greenberg Traurig, LLP ("GT") and counsel to Plaintiffs TRUE RELIGION APPAREL, INC. and GURU DENIM, INC. (collectively referred to as "True Religion").

2.  I submit this declaration in support of True Religion's *ex parte* Application For A Temporary Restraining Order, Order To Disable Certain Web Sites, Asset Restraining Order, Expedited Discovery Order And Order To Show Cause For Preliminary Injunction (the "Application") against Defendants Xiaokang Lei d/b/a truereligionjeans4outlet.com; Lin Jianyu

d/b/a truereligionjeansoutlet8.com; Zhao Yang Qu d/b/a truereligion2cheap.com, *et al.* (collectively, "Defendants").

3.  If called as a witness, I could testify to the following upon personal knowledge and/or upon my review of GT's files on this matter.

4.  Numerous Courts in this District and elsewhere have granted the same *ex parte* relief requested herein, including the restraint of counterfeit-related assets. The following are examples of such orders in which GT has been involved:

> *Levi Strauss & Co. v. Ding Shijun d/b/a LevisOnlin.om*, No. 11 Civ. 7495 (S.D.N.Y. October 24, 2011); *Bose Corp. v. Feng Chen d/b/a SellBose*.com, No. 11-10563-GAO (D. Mass. April 11, 2011); *National Football League v. Chen Cheng, et al.*, No. 11-Civ-00344 (S.D.N.Y. January 19, 2011); *Tory Burch LLC v. Yong Sheng International Trade Co., Ltd.*, No. 10-Civ-9336 (S.D.N.Y. December 17, 2010); *PRL USA Holdings, Inc. v. Tan Boon Kiat, et al.*, No. 10-Civ-6456 (PGG) (S.D.N.Y. September 1, 2010); *Farouk Systems, Inc. v. EYOU International Trading Company, Ltd., et al.*, No. 4:10-Civ-2672 (KMH) (S.D.Tex. Aug. 2, 2010); *The North Face Apparel Corp. v. Jun Song, et al.*, No. 10-Civ-5604 (LTS) (S.D.N.Y. July 23, 2010); *The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing, et al.*, No. 10-Civ-1630 (AKH) (S.D.N.Y. March 2, 2010).

Copies of these orders are annexed hereto as **Exhibit A**. For example, under a highly similar set of facts, this Court granted the same *ex parte* relief requested herein in this Application to plaintiffs The North Face Apparel Corp. and PRL USA Holdings, Inc. *See The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing, et al.*, Civil Action No. 10-Civ-1630 (AKH). In that case, a network of anonymous sellers, believed to be based in China, was selling counterfeit Polo and North Face apparel through a large number of "rogue" online stores pretending to be authorized Polo or North Face web stores. The Honorable Alvin K. Hellerstein granted an *ex parte* order, *inter alia*, ordering PayPal, Inc. and other financial institutions to restrain defendants' assets and to produce all documents regarding the defendants and their

accounts, as well as ordering that third party Internet domain name registries disable the "rogue" web sites defendants had set up to sell counterfeits pending the disposition of plaintiffs' application for Preliminary Injunction. *See* **Exhibit A**.

5.  In prior actions, Courts in this District have awarded True Religion temporary restraining orders and preliminary injunctive relief against counterfeiters. *See Guru Denim, Inc. v. Various John Does; Jane Does; and XYZ Companies*, No. 07-CV-8337 (S.D.N.Y. May 19, 2009); *Antik Denim LLC; Guru Denim, Inc.; VPC Enterprises, LLC v. Da Urban Hut d/b/a Triangle Enterprises, LLC d/b/a Triangle Entertainment, LLC d/b/a City Jeans d/b/a X-Ray Jeans d/b/a George McKenzie d/b/a Nuhu Bah d/b/a SVM Trading, Inc.*, No. 05-CV-10077 (S.D.N.Y. December 12, 2005), attached hereto as **Exhibit B**.

6.  True Religion's investigation has revealed that Defendants, when required to provide information about their identity, intentionally conceal their true identities by using multiple false names and addresses in order to avoid detection. Because True Religion does not know and cannot discern Defendants' true identities, True Religion would be unable to serve Defendants under Fed R. Civ. P 4(f)(1).

7.  The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention") to which both China and the United States are signatories does not apply to defendants whose addresses are not known. Further, the Hague Convention contains no prohibition of service by email. A true and correct copy of the Hague Convention is annexed hereto as **Exhibit C**.

8.  To provide service via email, True Religion proposes to use an online service, RPost (www.rpost.com), that provides valid proof of authorship, content (e-mail body and

attachments), delivery and official time sent and received. A white paper regarding this technology and its use is annexed hereto as **Exhibit D**.

9.   As required by § 1116(d)(4)(B)(ii) of the Lanham Act, True Religion has advised the United States Attorney's Office for the Southern District of New York of True Religion's intention to seek a seizure order against Defendants from this Court. A copy of True Religion's November 4, 2011 letter to Preet Bharara, U.S. Attorney for the Southern District of New York is annexed hereto as **Exhibit E**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14 day of November 2011 in New York, NY.

BRYN K. HAFFEY, ESQ.