UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUE RELIGION APPAREL, INC.; GURU DENIM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XIAOKANG LEI D/B/A TRUERELIGIONJEANS4OUTLET.COM; LIN JIANYU D/B/A TRUERELIGIONJEANSOUTLET8.COM; ZHAO YANG QU D/B/A TRUERELIGION2CHEAP.COM, *et al.*, <br><br> Defendants. | Case No: 11-Civ.-8242 (HB) <br><br> **AFFIDAVIT OF DANIEL J. NAVARRO IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

**DANIEL J. NAVARRO**, being duly sworn, deposes and says:

1.  I am an attorney licensed to practice law in the State of New York and admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York. I am an associate in the law firm of Greenberg Traurig, LLP ("GT") and counsel to Plaintiffs TRUE RELIGION APPAREL, INC. and GURU DENIM, INC. (collectively referred to herein as "True Religion" or "Plaintiffs"). I submit this Affidavit in support of Plaintiffs' Application For a Default Judgment and Permanent Injunction Order against Defendants XIAOKANG LEI D/B/A TRUERELIGIONJEANS4OUTLET.COM; LIN JIANYU D/B/A TRUERELIGIONJEANSOUTLET8.COM; ZHAO YANG QU D/B/A TRUERELIGION2CHEAP.COM, *et al.* (collectively, "Defaulting Defendants").

2. If called as a witness, I could testify to the following upon personal knowledge and/or upon my review of GT's files on this matter.

3. On November 15, 2011, True Religion commenced an action entitled *TRUE RELIGION APPAREL, INC.; GURU DENIM, INC. v. XIAOKANG LEI D/B/A TRUERELIGIONJEANS4OUTLET.COM; LIN JIANYU D/B/A TRUERELIGIONJEANSOUTLET8.COM; ZHAO YANG QU D/B/A TRUERELIGION2CHEAP.COM, et al.,* Case No. 11-Civ.-8911 (KPC) (the "Action") in this Court, by filing a Complaint alleging, *inter alia,* trademark counterfeiting, copyright infringement, cybersquatting and unfair competition by Defendants relating to each Defaulting Defendants' sale of counterfeit True Religion jeans and other goods bearing True Religion's federally-registered trademarks (the "TRUE RELIGION Marks") and copyrights (the "TRUE RELIGION Copyrights"). On November 17, 2011, the Court entered a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction ("Temporary Restraining Order") against each Defendant. On November 30, 2011, the Court entered a Preliminary Injunction Order ("Preliminary Injunction") against each Defendant, extending the key terms of the Temporary Restraining Order. On December 22, 2011, True Religion filed its First Amended Complaint and First Amended Summons against Defaulting Defendants.

4. As set forth in True Religion's Amended Complaint and Memorandum of Law in support of its Application for a Default Judgment and Permanent Injunction Order, the Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121, and each Defaulting Defendant is subject to personal jurisdiction arising from, *inter alia,* each Defaulting Defendant's operation of one or more fully-

interactive Internet web sites through which each offers to sell and sells counterfeit True Religion products directly to customers in this Judicial District and elsewhere in the US.

5. Defendants in the action as of November 22, 2011 were properly served with the Summons and Complaint and the other documents filed in this Action on November 22, 2011.

6. Each Defaulting Defendant was properly served with the Amended Summons, Amended Complaint and Preliminary Injunction Order on December 22, 2011.

7. None of the Defaulting Defendants have filed an Answer, or otherwise plead, and the time to do so has expired.

8. To the best of my knowledge and belief, none of the Defaulting Defendants are infants, in the military, or incompetent persons.

9. On February 7, 2012, the Clerk of the Court issued a Certificate of Default against each Defaulting Defendant. A copy of the Clerk's Certificate of Default is annexed hereto as **Exhibit A**.

10. Because none of the Defaulting Defendants have answered or otherwise appeared in this litigation, it has been impossible for True Religion to conduct discovery regarding sales information directly from Defaulting Defendants. Financial records obtained from PayPal through expedited discovery, however, show that Defaulting Defendants' sales of counterfeit True Religion products have been highly lucrative, with some of the PayPal accounts showing sales of well over one hundred thousand dollars over a short period of time. Furthermore, given the illicit and secret nature of Defaulting Defendants' operations, any particular Defaulting Defendant could very well be operating many other web stores selling counterfeit True Religion products and connected to many other payment accounts that True Religion has not been able to discover.

11. As set forth in its Amended Complaint, True Religion has elected to seek statutory damages for trademark counterfeiting under 15 U.S.C. § 1117(c)(2), which provides in cases of willful trademark counterfeiting an award of up to $2,000,000 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just" and willful copyright infringement under 17 U.S.C. 504(c)(2), which permits a statutory damage award for willful copyright infringement in an amount up to $150,000 per copyright.

12. While Defaulting Defendants have each willfully counterfeited a large number of the TRUE RELIGION Marks and willfully infringed the True Religion Copyrights on a variety of products, and willfully cybersquatted a large number of domain names, True Religion believes it would be appropriate to recover maximum statutory damages from each Defaulting Defendant's counterfeiting of True Religion's federally-registered "TRUE RELIGION",

, and trademarks and each Defaulting Defendant's willful copyright infringement of the True Religion design label (Copyright Reg. No. VA 1,698,310).

13. Accordingly, True Religion seeks final judgment in the amount of $ 8,150,000.00 to be entered against each Defaulting Defendant. This amount is less than the principal amount demanded in the Complaint. True Religion has not yet recovered any monies from any Defaulting Defendant in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 2, 2012
New York, New York

                                        Daniel J. Navarro

Sworn to and subscribed before me this
2d day of March, 2012

Notary Public

JAMES H. DONOIAN
Notary Public State New York
No. 02DO6029195
Qualified in New York County
Commission Expires August 8, 20 13